IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| M SPEED MOTOR SPORTS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-02288-N |
| | § | |
| CAPITAL FUND I, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses defendant Capital Fund I, LLC's ("Capital Fund") motion to dismiss [4]. Because plaintiff M Speed Motor Sports LLC ("M Speed") failed to plead sufficient facts to state a plausible claim for relief, the Court grants Capital Fund's motion and dismisses this case with prejudice.

## I. ORIGINS OF THE DISPUTE

This is a wrongful foreclosure case. In August 2023, M Speed purchased property at 464 Breezeway Ct., Cedar Hill, Texas. Pl.'s Original Pet. ¶¶ 7–8 [1-3].[1] In August 2024, M Speed apparently had become delinquent on its loan, and Capital Fund then sent M Speed "an exhaustive list of requirements to get the loan in good status with an impossible deadline." *Id.* ¶ 10. Then, M Speed alleges Capital Fund initiated foreclosure proceedings without providing M Speed the required notice and cure opportunity under Texas law. *Id.* ¶ 13. Based on these facts, M Speed asserts three causes of action: (1) wrongful

---

[1] For purposes of this motion, the Court assumes the truth of the well-pleaded facts in the original petition.

foreclosure; (2) negligence; and (3) violation of Texas Property Code section 51.002. *Id.* ¶¶ 12–26. M Speed also seeks injunctive relief. *Id.* ¶¶ 32–44. Capital Fund moves to dismiss all claims under Rule 12(b)(6). *See* Def.'s Mot. 5–6 [4]. M Speed did not respond to Capital Fund's motion.

## II. LEGAL STANDARD FOR RULE 12(B)(6)

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

MEMORANDUM OPINION AND ORDER – PAGE 2

However, a court may also consider documents outside of the pleadings if they fall within certain limited categories.  First, a "court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)).  Second, a "written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).  Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'"  *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).  Finally, in "deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that the "district court took appropriate judicial notice of publicly-available documents and transcripts produced by the FDA, which were matters of public record directly relevant to the issue at hand").

### III. THE COURT GRANTS CAPITAL FUND'S MOTION TO DISMISS

#### A. *Wrongful Foreclosure*

M Speed first asserts a claim for wrongful foreclosure under Texas law.  To state a claim for wrongful foreclosure, a plaintiff must allege: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between

MEMORANDUM OPINION AND ORDER – PAGE 3

the defect and the grossly inadequate selling price." *Duncan v. Hindy*, 590 S.W.3d 713, 723 (Tex. App. — Eastland 2019, pet. denied).

On its face, M Speed's original petition cannot support this claim. There is no allegation that any sale proceeding has occurred. Instead, M Speed complains that Capital Fund "wrongfully *initiated* foreclosure proceedings." Pl.'s Original Pet. ¶ 13 (emphasis added). But a wrongful foreclosure claim requires the sale to have gone through. *See Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406–07 (5th Cir. 2017) (per curiam) (noting "a party cannot state a viable claim for wrongful foreclosure if the party never lost possession of the Property" (internal quotation marks omitted) (quoting *James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 446 (5th Cir. 2013) (unpub.) (per curiam)). Because no sale has happened, there can be neither a defect in the sale proceedings nor a grossly inadequate selling price. The Court therefore grants the motion to dismiss M Speed's wrongful foreclosure claim.

### B.  Negligence

M Speed next asserts a claim for negligence under Texas law. To state such a claim, a plaintiff must allege "a legal duty owed by the defendant to the plaintiff, a breach of that duty, and damages proximately caused by that breach." *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001). In support of this claim, M Speed alleges that Capital Fund generally failed to provide required notice before initiating foreclosure and "failed to use reasonable care in communicating to [M Speed] the options of loss mitigation" which it relied on to its detriment. *Id.* ¶¶ 16–17. It also alleges that Capital

Fund is liable for negligent undertaking because it "undertook to provide loan servicing" and then "did not properly communicate the requirements of the loan agreement." *Id.* ¶ 21.

This negligence claim fails because M Speed's allegations are not sufficient to infer that any legal duty was breached.  M Speed alleges that Capital Fund failed "to comply with the notice provisions contained in the deed of trust before accelerating the note and foreclosing on the property." *Id.* ¶ 16.  However, M Speed expressly waived any right to receive notice or a cure opportunity under the deed of trust.  Def.'s Mot. Ex. 1, ¶ 31 [4-1] ("Borrower . . . waive[s]: opportunity to cure breach or default; grace; all notices, demands and presentments for payment; all notices of dishonor, non-payment, acceleration of maturity or intention to accelerate maturity; protest; dishonor; all other notices whatsoever . . . .").[2]  And, even if this waiver did not apply, a claim for failure to provide proper notice of foreclosure under Texas Property Code section 51.002 is only cognizable after a foreclosure has taken place.  *Kew v. Bank of Am., N.A.*, 2012 WL 1414978, at *6 (S.D. Tex. 2012).  Accordingly, there are insufficient factual allegations from which the Court can infer any legal duty has been breached.

Construing the complaint in the light most favorable to M Speed, it also attempts to state a claim for negligent misrepresentation.  Specifically, M Speed alleges Capital Fund

_____

[2] The Court may consider the contents of the Deed of Trust because it is attached to Capital Fund's motion to dismiss, explicitly referred to in M Speed's original petition, and is central to M Speed's claims surrounding the impending foreclosure of the property encumbered by this deed of trust.  *See Sullivan*, 600 F.3d at 564.  It is also a document of public record, filed in the real property records of Dallas County, Texas, as instrument number 202300160096.  As a public record for which the accuracy cannot reasonably be questioned, the Court may take judicial notice of the deed of trust.  *See Cinel*, 15 F.3d at 1343 n.6.

"failed to use reasonable care in communicating to [M Speed] the options of loss mitigation" which it relied on to its detriment, and "did not properly communicate the requirements of the loan agreement." Pl.'s Original Pet. ¶¶ 17, 21.  To state a negligent misrepresentation claim under Texas law, a plaintiff must allege: "(1) a representation by the defendant made in the course of its business or in a transaction in which it had a pecuniary interest; (2) the representation conveyed false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation." *Alt Platform, Inc. v. Beckett Collectibles, LLC*, 2024 WL 4376156, at *5 (N.D. Tex. 2024) (citing *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653–54 (Tex. 2018)).

Here, M Speed fails to allege sufficient facts from which the Court could find a plausible negligent misrepresentation claim.  The petition is silent as to the content of the "representation" by Capital Fund.  It states Capital Fund "failed to use reasonable care in communicating . . . the options of loss mitigation" and "did not properly communicate the requirements of the loan agreement."  Pl.'s Original Pet. ¶¶ 17, 21.  But these allegations do not supply information about what the representations were, how they were false, or in what way Capital Fund failed to use reasonable care in making those assertions. Accordingly, the Court cannot conclude that M Speed states a plausible claim for negligent misrepresentation.

Finally, M Speed also appears to assert a claim for negligent undertaking because Capital Fund "undertook to provide loan servicing" and then "did not properly

MEMORANDUM OPINION AND ORDER – PAGE 6

communicate the requirements of the loan agreement." Pl.'s Original Pet. ¶ 21. To state a negligent undertaking claim under Texas law, a plaintiff must allege: "(1) the defendant undertook to perform services that it knew or should have known were necessary for the protection of others; (2) the defendant failed to exercise reasonable care in performing those services; and (3) the plaintiff either relied upon the defendant's performance or the defendant's performance increased the plaintiff's risk of harm." *Barron v. United States*, 111 F.4th 667, 672–73 (5th Cir. 2024) (citing *Colonial Sav. Ass'n v. Taylor*, 544 S.W.2d 116, 119–20 (Tex. 1976)).

Here, the allegation that Capital Fund "undertook to provide loan servicing" cannot serve as the basis for a negligent undertaking claim. There is nothing in the petition from which the Court could conclude that loan servicing was necessary for M Speed's protection. Nor are there facts from which the Court could infer that M Speed either relied on Capital Fund's performance or that performance increased M Speed's risk of harm. The only relevant allegation is that Capital Fund "did not properly communicate the requirements of the loan agreement." But there are no allegations of what the improper communication was, which loan requirements are implicated, or how M Speed would justifiably rely on Capital Fund's communication. Accordingly, the Court cannot conclude M Speed states a plausible claim for negligent undertaking. The Court therefore grants Capital Fund's motion to dismiss the negligence claims.

### C.  Violation of Texas Property Code § 51.002

M Speed next asserts a claim for violation of Texas Property Code section 51.002. Pl.'s Original Pet. ¶¶ 22–26.  M Speed cites two specific subsections as being violated: sections 51.002(b)(3) and (d).  However, for a multitude of reasons, this claim fails.

First, section 51.002(d) does not apply to this transaction.  Section 51.002(d) provides that "[n]otwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust . . . on real property used as the debtor's residence with written notice . . . and give[] the debtor at least 20 days to cure the default."  TEX. PROP. CODE § 51.002(d).  However, by its terms, this subsection only applies when the real property at issue is used as the debtor's residence.  Here, M Speed purchased this property for commercial purposes.  *See* Def.'s Mot. Ex. 1, at 11 ("Borrower therefore expressly covenants and warrants that it/he/she is an investor, engaged in the business of constructing, remodeling and selling dwellings and that the financing obtained from Lender was in the course of that business . . . .").  Thus, section 51.002(d) does not apply to this transaction.

Second, M Speed waived any rights under section 51.002(b)(3) in the deed of trust. Section 51.002(b)(3) provides that "notice of the sale . . . must be given at least 21 days before the date of the sale by . . . serving written notice of the sale by certified mail on each debtor."  TEX. PROP. CODE § 51.002(b).  Unlike subsection (d), subsection (b)(3) does not override "any agreement to the contrary."  *Compare* TEX. PROP. CODE § 51.002(d) (requiring notice "[n]otwithstanding any agreement to the contrary"), *with* TEX. PROP. CODE § 51.002(b) (lacking such language).  And in this case, there is an agreement to the

MEMORANDUM OPINION AND ORDER – PAGE 8

contrary. In the deed of trust, M Speed specifically waived its right to receive all notices. Def.'s Mot. Ex. 1, ¶ 31 ("Borrower . . . waive[s]: opportunity to cure breach or default; grace; all notices, demands and presentments for payment; all notices of dishonor, non-payment, acceleration of maturity or intention to accelerate maturity; protest; dishonor; all other notices whatsoever . . . ."). Thus, there can be no breach of this section as M Speed waived the right to receive this notice.

Third, as already noted, a claim for failure to provide proper notice of foreclosure under section 51.002 is only cognizable *after* a foreclosure has taken place. *See Kew*, 2012 WL 1414978, at *6. Here, no foreclosure has yet taken place.

Fourth, multiple courts have recognized that section 51.002 does not provide a private cause of action. *See, e.g.*, *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 830 n.2 (5th Cir. 2015) ("Although the Texas Supreme Court has not decided this issue, the federal district courts that have addressed it seem to conclude that Section 51.002(d) does not intend an independent private cause of action." (collecting cases)); *Robinson v. Wells Fargo Bank NA*, 2021 WL 2291015, at *3 (N.D. Tex. June 4, 2021) (citing several cases that find that "§ 51.002 does not provide a private right of action"). Instead, courts construe such claims as claims for wrongful foreclosure. *Wyatt v. Hill*, 2025 WL 906787, at *5 (N.D. Tex. 2025), *adopted by* 2025 WL 906239 (N.D. Tex. 2025). And here, the Court has already held that M Speed has failed to state a claim for wrongful foreclosure. Thus, to the extent that this claim is converted to one for wrongful foreclosure, it fails. Accordingly, the Court grants Capital Fund's motion to dismiss this property code claim.

MEMORANDUM OPINION AND ORDER – PAGE 9

### D. Injunctive Relief

In addition to making the above three claims, M Speed seeks injunctive relief. Pl.'s Original Pet. ¶¶ 32–44. However, M Speed is not entitled to injunctive relief as a matter of law. To obtain injunctive relief, M Speed must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to plaintiff outweighs any damage the injunction may cause to defendant, and (4) that the injunction will not disserve the public interest." *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). Here, because the Court has dismissed all of M Speed's substantive claims, it cannot show a substantial likelihood of success on the merits in this case. Thus, it cannot meet a required element for injunctive relief, and the Court accordingly grants Capital Fund's motion to dismiss this claim.

### CONCLUSION

Upon reviewing the operative complaint, the Court holds that M Speed has failed to allege sufficient facts to state a plausible claim for wrongful foreclosure, negligence, negligent misrepresentation, negligent undertaking, violation of Texas Property Code section 51.002, or injunctive relief. Accordingly, the Court grants Capital Fund's motion and dismisses this case with prejudice.[3]

---

[3] M Speed failed to respond to Capital Fund's motion to dismiss. And M Speed has not otherwise sought leave to amend its complaint. Accordingly, the Court dismisses this case with prejudice.

MEMORANDUM OPINION AND ORDER – PAGE 10

Signed April 21, 2025.

David C. Godbey
Chief United States District Judge